IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES MORRISON,<br><br>           Plaintiff,<br><br>    vs.<br><br>13TH JUDICIAL DISTRICT COURT,<br>TERRY HALPIN, MARY JANE KNISELY,<br>and PENELOPE STRONG,<br><br>         Defendants. | CV-24-155-BLG-DLC<br><br><br>ORDER |

Plaintiff James Morrison, proceeding without counsel, has filed a Complaint alleging violations of his constitutional rights. (Doc. 4.) The Complaint fails to state a claim upon which relief may be granted, and the Court must abstain from hearing his claims. The Complaint is dismissed.

## I.  STATEMENT OF THE CASE

### A.    Parties

At the time of filing his Complaint, Morrison was detained at Yellowstone County Detention Facility. He is proceeding in forma pauperis and without counsel. He names, as Defendants, Terry Halpin, Clerk of the 13th Judicial District Court, the 13th Judicial District Court itself, Judge Mary Jane Knisely, and Penelope Strong, defense counsel. (Doc. 2 at 2 - 3.)

### B. Allegations

Morrison alleges intentional interference and/or denial of access to the courts, "conspiracy to prevent development of claims in a state criminal prosecution," conspiracy to deprive him of constitutional rights, and denial of equal protection. (Doc. 2 at 3.)

Specifically, Morrison alleges that his claims arose on October 16, 2023, at a waiver of counsel proceeding in a state criminal case, and in the following months. (Doc. 2 at 4 - 5.) Morrison's claims are contained in eleven pages of dense script and are not entirely clear, but they all appear to arise out of his experiences as pro se counsel in his state criminal proceeding. Not all details will be repeated here. Morrison moved to proceed pro se in his state criminal proceedings, but asserts that he was allowed to do so against his best interest. (Doc. 2 at 13.) Judge Knisely and Defendant Halpin were involved in Morrison not being allowed to file pro se motions regarding ineffective assistance of counsel and a mistrial. *Id.*

Morrison alleges that Judge Knisely was biased and not neutral.

Morrison alleges several actions or inactions on the part of Tyler Dugger, who was appointed "conflict counsel," and co-counsel. Dugger did not meet with Morrison, did not advise him of various filings by the prosecution, and did not provide discovery or trial transcripts to Morrison. (Doc. 2 at 14 - 15.) Dugger is not

named as a defendant, so the allegations against him provide context for the difficulties Morrison experienced in representing himself.

Morrison was convicted at a bench trial on January 25, 2024. Morrison had ten days to submit post-trial findings of fact and conclusions of law, but due to the actions of others, he was not able to do so. (Doc. 2 at 14.) Morrison attempted to get the trial transcripts from the district court by filing a subpoena, but Defendant Halpin "made a decision beyond the ministerial duties as Clerk and Recorder", and "had informed Morrison that only a court could issue a subpoena." (Doc. 2 at 16.) Morrison also alleges that Halpin failed to file other motions he had submitted to the court. (Doc. 2 at 17.)

Morrison moved for the removal of counsel Dugger and for the appointment of counsel. (Doc. 2 at 17.) Defendant Strong was appointed counsel on June 7, 2024. *Id.* After her appointment, Morrison filed various motions and notices with the district court and ex parte letters to Judge Knisely. (Doc. 2 at 18.) After August 22, 2024, Strong sabotaged various of Morrison's proceedings. (Doc. 2 at 12 - 13.) Morrison asserts that "between August 22, 2024, and September 3, 2024, [Judge] Knisely, outside of her judicial capacity had engaged in a conspiracy with [Defendant] Strong to deprive any development of a record on [Morrison's motions and appeal.]" (Doc. 2 at 18 – 19.)

3

Morrison seeks various injunctive relief against the Defendant court, and money damages as to all Defendants. (Doc. 2 at 5.)

(Morrison filed a document captioned "Plaintiff's Supplemental Complaint, Fed. R. Civ. P. 15(d)." (Doc. 6.) Morrison's supplement is not proper under the Rule, which requires a motion and leave of court. However, given that an answer has not yet filed, the Court construes this supplement as an addendum to Morrison's Complaint. The additional information in the Supplement does not remedy the deficiencies of Morrison's Complaint, as described below.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Morrison is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

As an initial matter, Morrison's Complaint fails to state any facts that would amount to constitutional violations by any defendant. He has asserted various claims that sound in legal malpractice, negligence, and, perhaps, legal error. But aside from using various conclusory labels regarding conduct, he has failed to allege any facts that show any defendant violated his constitutional rights.

## A. Defendants' Immunity

Each of the defendants named by Morrison enjoys at least some degree of immunity from Morrison's claims.

Terry Halpin, as a clerk of court, is immune from suit over Morrison's allegations that he either "failed to file" Morrison's motions or that he stated that the district court was required to issue subpoenas. (Doc. 2 at 16 - 17.) Defendant Halpin has quasi-judicial immunity as an employee of the court. Court clerks and other non-judicial court employees have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citing various cases). Morrison attempts to avoid this immunity by stating that Halpin's actions were "beyond the ministerial duties as Clerk and Recorder," but he does not explain how that is so. Mistakes in filing and comments by the Clerk are not outside the scope of his duties, even if they are errors. Morrison construes Halpin's acts as malicious, or with intent, but, setting aside the implausibility of that assertion, the acts themselves were the actions of a clerk of court. Halpin has immunity and must be dismissed.

Second, the 13th Judicial District Court is not a person who can be sued under 42 U.S.C. § 1983. Though he alleges the court has developed policies that violated his constitutional rights, those policies or actions must have been created

by a person or legal entity to be actionable under 42 U.S.C. § 1983. The court itself

is dismissed as a defendant.

Third, Morrison has named Judge Knisely as a defendant, but she has

absolute judicial immunity on these claims. A plaintiff cannot state a claim against

a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune

for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,

1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Judge

Knisely's decisions on Morrison's various motions were "unquestionably [ ]

judicial act[s]." *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S.

349, 362 (1978). Morrison has not identified any act of Judge Knisely's outside her

judicial duties at all. Morrison attempts to circumvent this immunity by alleging a

conspiracy between Knisely and Strong, but he has not alleged plausible facts to

support that claim. "To state a claim for a conspiracy to violate one's constitutional

rights under section 1983, the plaintiff must state specific facts to support the

existence of the claimed conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th

Cir. 1989). "[A] plaintiff must demonstrate the existence of an agreement or

meeting of the minds to violate constitutional rights." *Crowe v. Cty. of San Diego*,

608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino

Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999)) (internal quotation marks omitted).

Morrison has not provided a single fact to show any meeting of the minds between

Knisely and Strong. He asserts they conspired to prevent him from appealing and obtaining direct review of the trial court's proceedings, but this allegation is simply implausible. Morrison has not factually and plausibly asserted that a conspiracy existed. Judge Knisely is immune from Morrison's claims.

Morrison also cannot state a claim against Strong. Public defenders are not state actors within the meaning of § 1983 and cannot be sued under 42 U.S.C. § 1983. § 1983 creates a cause of action against those acting "under color of" state law. Strong's actions as Morrison's attorney cannot be considered to be "state action," because she is specifically opposed to the state in the court of law. "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders to not act under color of law within the meaning of § 1983).

Morrison's allegation that Strong conspired with Judge Knisely does not save this claim, for the same reasons stated above. Setting aside the factual insufficiency of this claim, "[t]o be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). Morrison has not

credibly alleged that Strong had a shared goal with any state actor defendant to violate Morrison's constitutional rights.

Finally, to the extent Morrison is alleging poor performance on Strong's part, such claims are not recognized under § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004). Any ineffective assistance of counsel claim must be raised in direct appeals, post-conviction, or habeas corpus proceedings—not in a § 1983 action.

## B. *Heck* bar

Finally, the Court must abstain from adjudication of Morrison's claims. A federal court considering a § 1983 claim has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512 U.S. 477 (1994). Federal district courts do not have appellate jurisdiction over state court judgments.  See 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). Under the *Rooker-Feldman* doctrine, "a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Bennett v. Yoshina*, 140 F. 3d 1218, 1223 (9th Cir. 1998) (quoting *Johnston v. DeGrandy*, 512 U.S. 997, 1005-06 (1994)).

*Rooker-Feldman* serves as a jurisdictional bar in a suit that is a "de facto appeal from a state court judgment," *Kougasian v. TMSL, Inc*., 359 F. 3d 1136, 1139 (9th Cir. 2004), when federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.,* 525 F. 3d 855, 859 (9th Cir. 2008).

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. Morrison's claims arise entirely out of his recent prosecution and conviction. This Court cannot rule on the propriety of any motion practice, evidence, court decisions, etc., without improperly invading the province of the state courts. Morrison's remedies lie in state court, in direct appeal and post-conviction proceedings.

To the extent Morrison seeks injunctive relief, the Court is also barred from providing him the relief he seeks. It could not do so without finding the facts that would interfere with the state courts' ability to adjudicate his guilt.

Accordingly, it is HEREBY ORDERED:

1.    Morrison's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment.

2.    The Clerk of Court shall have the docket reflect that this dismissal counts as a strike against Morrison within the meaning of 28 U.S.C. § 1915.

3.    The Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 3rd day of January, 2025.

<br>

_____
Dana L. Christensen, District Judge
United States District Court